UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DOUG'S WORD CLOCKS.COM PTY LTD,　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Plaintiff,　　　　:　　Docket No. 16-cv-7322
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　-against-　　　　　　　　:　　**COMPLAINT AND**
　　　　　　　　　　　　　　　　　　　　　:　　**DEMAND FOR JURY TRIAL**
PRINCESS INTERNATIONAL, INC.,　　　　　:
JOSEPH FRIEDMAN,　　　　　　　　　　　:
HAMMACHER, SCHLEMMER & CO., INC.,　　:
SHARPER IMAGE HOLDINGS, LLC,　　　　　:
CAMELOT VENTURE GROUP, LLC,　　　　　:
DAVID KATZMAN, STEVE CICUREL, NICHOLAS　:
PYETT, JIM MCDONALD, CAMELOT SI, LLC and　:
ICONIX BRAND GROUP, INC.,　　　　　　　:
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　Defendants.　　　:

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Doug's Word Clocks.com Pty Ltd by its attorneys, as and for its Complaint

against defendants, hereby alleges upon personal knowledge and upon information and belief:

**<u>Nature of the Case</u>**

1.　　　Plaintiff is a family owned electronic clock business owned by Douglas Jackson

and his wife Megan.[1]  The couple operate the company out of their garage in Canberra,

Australia.  Douglas, a former electronics programming teacher, developed a product he dubbed

"Word Clock" – a clock that tells time with words instead of numbers.  While not the first to

create a clock that uses words, plaintiff's Word Clock is wholly originally. Douglas created the

clock face design from a vinyl stencil he fashioned, wrote the software code from scratch, and

designed and constructed the circuit board.

---

[1] Plaintiff's business was profiled on a newscast *available at* https://www.youtube.com/watch?v=NzFR9BWXEqs

2.      The couple formally launched their company in 2012 and their homemade electronic clock business took off.  Their wholly original Word Clock was an instant hit throughout the world, with sales from the U.S. to Hong Kong.  After years of impressive sales, Douglas discovered counterfeit Word Clocks being sold at a fraction of the price by large U.S. retailers including the Sharper Image defendants (defined herein) and Hammacher Schelmmer that were being imported from China by defendants Joseph Friedman and Princess International.

3.      Plaintiff immediately notified all of the defendants of the infringement, however the defendants refused to cease selling the counterfeit Word Clocks and continue to free-ride on Plaintiff's original Word Clock.  Plaintiff has struggled to stay in business and now brings this action to end the infringing activity and recover its actual damages and the defendants' profits from their sales of the counterfeit product.

### Nature of the Action

4.      This is an action for copyright infringement, in violation of 17 U.S.C. ¶¶ 101, *et seq.* arising from the defendants' unauthorized use of plaintiff's copyrights embodied in Word Clock, including software code and clock face, and unfair competition, in violation of the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B) arising from the defendants' false advertising and false designation of origin of the counterfeits distributed and sold by them.

### Jurisdiction

5.      The Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a) because this action arises under the Copyright Act of 1976, 17 U.S.C. § 101 et seq. and the Lanham Act, 15 U.S.C. §1125(a)(1)(A) and (B).

6.      This Court has personal jurisdiction over defendants because they all reside or have business offices in New York. In addition, the Court has personal jurisdiction over defendants, because they (i) transact business and contract to supply goods and services in New

York by soliciting, including by direct mail solicitation, and transacting business with New York residents, (ii) have committed tortious acts within New York by, among other things, unlawfully distributing and transmitting copyrighted works to New York residents in exchange for payment, which acts give rise to the claims asserted herein.

7.     Venue is proper in this Judicial District pursuant to 28 U.S.C § 1391(b), § 1391(c) and § 1400(a) because defendants maintain offices in and are subject to personal jurisdiction in this Judicial District and have committed unlawful acts of infringement in this Judicial District.

## Parties

8.     Plaintiff Doug's Word Clocks.com Pty Ltd ("Doug's Word Clocks") is an Australian company doing business in Canberra, Australia.  Plaintiff is the owner of the product known as Word Clock and all copyrights and trademarks therein, including all copyrights and trademarks in the clock face, and copyrights in the software code embodied therein titled "Word Clock Software PIC," "Word Clock Software v1.0," and "Word Clock Software v3.0."  As noted in product reviews, Plaintiff's Word Clocks are conversation starting, handmade, works of art. Exhibit 1, at p.2.

9.     Upon information and belief defendant Princess International, Inc. ("Princess International") is a New York corporation doing business at 1572 61st Street in Brooklyn, New York and doing business as "Gifts and Gadgets Online," "Tech Tools" and "Decodyne." Princess International is engaged in, among other things, the business of reproducing, distributing and selling counterfeits of Plaintiff's Word Clock.

10.     According to its website, Princess International is "a manufacturer and importer of innovative gifts."  Princess International has an office in Hong Kong, which "oversees the production of [its] factories in China. The office staff consists of a team of professionals who know the language, understand the people and customs, and can effectively communicate and

3

deal with the day to day issues of manufacturing and product development." In addition, Princess International's Asia Office "actively search[es] for the latest innovative gadgets in the Far East." In addition, according to Princess International's website, "[a]ll of our products our marked with our TechTools Innovative Gifts and Gadgets brand. Our unique product line bears the TechTools logo indicating superior design, features and technology. Tech Tools is a registered trademark of Princess International Inc." Exhibit 2.

11.     Upon information and belief, defendant Joseph Friedman ("Friedman") is an individual doing business as "Gifts and Gadgets Online," "Tech Tools" and "Decodyne" and residing at 1572 61st Street in Brooklyn, New York and is the CEO of defendant Princess International. Friedman is engaged in, among other things, the business of reproducing, distributing, importing, exporting and selling counterfeits of Plaintiff's Word Clock.

12.     Upon information and belief defendant Hammacher, Schlemmer & Co., Inc. ("Hammacher Schlemmer") is a New York corporation which has a place of business at 147 East 57th Street, New York, New York. Hammacher Schlemmer is engaged in, among other things, the business of distributing and selling counterfeits of Plaintiff's Word Clock at its New York store, through its catalog business, on its own website and through third party websites.

13.     Upon information and belief defendant Sharper Image Holdings, LLC ("Sharper Image Holdings") is a Delaware limited liability company authorized to business in New York with a retail store located at 4 West 57th Street, New York, New York.

14.     Upon information and belief defendant Camelot Venture Group, LLC is a Michigan limited liability company doing business in New York.

15.     Upon information and belief defendants, David Katzman, Steve Cicurel, Nicholas Pyett and Jim McDonald are the members and owners of defendant Camelot Venture Group, LLC and are doing business in New York.

4

16. Upon information and belief defendant Camelot SI, LLC ("Camelot SI") is a Michigan limited liability company doing business in New York.

17. Upon information and belief, defendant Iconix Brand Group, Inc. ("Iconix") is a Delaware corporation authorized to do business in New York and with an office at 1450 Broadway, 3rd Floor, New York, New York

18. Sharper Image Holdings, Camelot Venture Group, LLC, David Katzman, Steve Cicurel, Nicholas Pyett, Jim McDonald, Camelot SI and Iconix (hereinafter referred to collectively as "the Sharper Image defendants") are all individually and collectively operating and doing business as "sharperimage.com" and "Sharper Image".

19. The Sharper Image defendants are engaged in, among other things, the business of advertising, distributing, importing, exporting and selling counterfeits of Plaintiff's Word Clock, or authorizing the same, at its own physical retail locations, including at its retail store located at 4 West 57th Street in New York, New York, through its catalog business, on its website (sharperimage.com) and through third party websites to consumers in New York.

**Plaintiff's Word Clock Copyrights & Trademarks**

20. Plaintiff's founder, Douglas Jackson ("Jackson"), is a former electronics programming teacher, and is the creator of Word Clock. Jackson personally created and constructed every single aspect of Word Clock, including the design of the stencil used for the clock face, the software code embodied in Word Clock, and the layout of the circuit board. Jackson created the Word Clock clock face in 2010, and the software in 2009 with updates in 2009 and 2012.

21. On July 4, 2012, Jackson formed Doug's Word Clocks.com Pty Ltd, the Plaintiff in this case, and assigned the clock face trademark and trade dress at issue in this action to

Plaintiff along with the goodwill of the business symbolized by the trademark and trade dress, and exclusively licensed all of the copyrights at issue in this action, to Plaintiff.

22.     Jackson created the clock face, titled "Word Clock", and software code embodied in Word Clock, titled "Word Clock Software Pic," "Word Clock Software - Arduino v1.0," and "Word Clock Software - Arduino v3.0" and exclusively licensed the copyrights to Plaintiff from the time that Plaintiff was formed.

23.     Jackson registered the copyrights in the software codes, "Word Clock Software Pic," "Word Clock Software - Arduino v1.0," and "Word Clock Software - Arduino v3.0" with effective copyright registration dates of November 19, 2015 under certificate numbers TX-8172-948, TX-8172-877, and TX-8172-878. Exhibit 3.

24.     In 2016, Plaintiff acquired by assignment from Jackson, all copyrights at issue herein, "Word Clock Software Pic," "Word Clock Software - Arduino v1.0," and "Word Clock Software - Arduino v3.0", the Word Clock clock face copyright, and all accrued causes of action.

25.     Plaintiff is the sole owner of the copyrights, "Word Clock Software Pic," "Word Clock Software - Arduino v1.0," and "Word Clock Software - Arduino v3.0" and all accrued causes of action.

26.     Plaintiff is the sole owner of the copyright, trademark and trade dress in the clock face of Word Clock:



The clock face was designed and created by Mr. Jackson without reference to any other work. Specifically, the clock face is a distinctive symbol or device that consists of 8 rows with the following words, Row 1 (IT IS HALF TEN); Row 2 (QUARTER TWENTY); Row 3 (FIVE MINUTES TO); Row 4 (PAST ONE THREE); Row 5 (TWO FOUR FIVE); Row 6 (SIX SEVEN EIGHT); Row 7 (NINE TEN ELEVEN); Row 8 (TWELVE O'CLOCK) (hereinafter referred to as the "Clock Face").

27.     Jackson filed for copyright registration for the Clock Face on June 18, 2015. Exhibit 4. The registration was denied by the U.S. copyright office on June 29, 2015. Exhibit 4. Mr. Jackson sought reconsideration of the denied registration on September 11, 2015. Reconsideration was denied on December 21, 2015. The court obtained jurisdiction over the copyright infringement claims arising from Plaintiff's Clock Face at the time the Copyright Office accepted or rejected the claim for registration.  Plaintiff has served notice of this action on the Copyright Office together with this complaint and fully complied with all requirements of 37 C.F.R. 205.13.

28.     On August 19, 2016, Plaintiff registered the Clock Face trademark with New York State Department of State and received a Certificate of Trademark Registration, R32861. Exhibit 5.  Plaintiff is the sole owner of all trademark and trade dress rights in the Clock Face including trademark registration, R32861.

## Defendants' Counterfeiting Activity

29.     In or around June 2014, Plaintiff discovered counterfeit Word Clocks being sold at a fraction of the price charged by Plaintiff.

30.     Upon information and belief, defendants Friedman and Princess International are manufacturing the counterfeit Word Clocks in China and importing them for sale direct to consumers as well as wholesale to the Sharper Image defendants and defendant Hammacher

Schlemmer, who then sell the counterfeits to consumers through physical retail stores, catalogs and websites. In addition, the defendants export the counterfeits to international retailers and consumers.

31.     The counterfeit Word Clocks are publicly displayed and sold under slightly different names by each defendant. Hammacher Schlemmer sells the counterfeits as "The Reading Time Clock." Exhibit 6. The Sharper Image defendants sell the counterfeits as "LED Word Clock." Exhibit 7. Princess International and Friedman sell the counterfeits as "LED Word Clock– Displays Time as Text," "Word Time Clock, and "Word Time Clock by Princess International."  Exhibit 8.

32.     Each defendant distributes and sells the counterfeit Word Clocks in identical boxes and packaging that is marked with Princess International's "Tech Tools" brand.

<strong>Plaintiff's Clock Face Was Copied in Whole</strong>

33.     As displayed below, the counterfeit Word Clocks are visually identical to Plaintiff's original Word Clock. The illuminated words in the images below only reflect the different times at which the images were taken – light shines through the words in the clock face stencil to indicate the time.

 

Plaintiff's original Word Clock (left) and Defendants' counterfeit (right)

34.     Upon information and belief, in May of 2016, and in response to Plaintiff's notice of infringement, defendant Princess International and Joseph Friedman began manufacturing,

8

importing, distributing, and selling new counterfeit Word Clocks with variances from the prior counterfeits - the words "One" and "Two" were swapped (below).  Exhibit 9.  However, the defendants copied again from Plaintiff. This time, the defendants copied the four square one-minute markers at the bottom of their new counterfeits from a Word Clock that Mr. Jackson had created in 2013. Exhibit 1.



Plaintiff's original Word Clock (left) and Princess International's Counterfeit (right)

35.     It appears only some of the most recent counterfeits (those with the swapped "One" and "Two") have the four square one minute markers copied from Plaintiff.  Exhibit 9.

**Plaintiff's Software Was Copied in Whole**

36.     In 2015, Plaintiff purchased counterfeit Word Clocks from Princess International and the Sharper Image defendants, and extracted the software code from the counterfeits with a hex editor to determine whether Plaintiff's software was copied along with its Clock Face.  In fact, the software embodied in the counterfeits is an exact duplication of Plaintiff's software code "Word Clock Software - Arduino v3.0".  The defendants' copying of Plaintiff's software code is so utterly complete that even Douglas Jackson's name and copyright notice (circled in red below) was copied:



Software code from Princess International's counterfeit Word Clock

37.     Each of the defendants were notified of the infringements between May and July,

2015. Counsel for Princess International told Plaintiff's counsel that it would not cease

manufacture, distribution and sale of the Counterfeits.[2] The Sharper Image defendants have also

refused. Hammacher Schlemmer stated it would not cease selling its current inventory but

indicated it would not re-order the counterfeits from Princess International once they were sold

out and continues to publicly display the counterfeit as a catalog item on its website.

38.     Despite best efforts, Plaintiff's sales have plummeted more than 85% from its

peak before the defendants' counterfeits hit the market. Plaintiff has been nearly put of business

by the defendants' exploitation of the counterfeit Word Clocks because the counterfeits are

visually identical to Plaintiff's own original Word Clock but are sold by defendants, massive

catalog retailers, at a fraction of the price.  The counterfeits sold by the defendants compete

---

[2] The software code in the new counterfeit Word Clocks (identified in paragraph 34) that were first made available
in or around May of 2016 featuring the swapped "one" and "two" is not copied from Plaintiff's software code.

directly in the marketplace with Plaintiff's original Word Clock and have caused and continue to cause confusion in the marketplace as to the source of Word Clock.  Exhibit 11.

39.     Upon information and belief, even the component parts of Defendants' counterfeit Word Clocks are poor quality counterfeits, causing numerous problems with the counterfeit clocks that do not exist with Plaintiff's original Word Clocks, such as overheating, failing to keep accurate time, lighting too brightly, burning and quickly breaking. The numerous problems with the counterfeits are documented in critical product reviews.  Exhibit 10.

**The Counterfeits Are Being Falsely Advertised**

40.     The defendants falsely advertise the counterfeit Word Clocks as a product original to them.

41.     In a video demonstration of the counterfeit Word Clocks on the Sharper Image defendants' website, sharperimage.com, the Sharper Image defendants identify Plaintiff's Clock Face as "the LED Word Clock from Sharper Image".

42.     This description falsely designates the Sharper Image defendants as the creator and/or source of Plaintiff's original Word Clocks. The video is used to advertise and promote the sale of counterfeits.

43.     Defendants Princess International and Friedman falsely advertise or cause the counterfeits to be falsely advetised as their own original product by marketing, advertising and promoting the counterfeit product as "Word Time Clock by Princess International."

44.     In addition, Princess International and Friedman falsely advertise the counterfeit Word Clocks under the Tech Tools brand, see Exhibit 8. According to Princess International's website, "All our products are marked with our Tech Tools Innovative Gifts and Gadgets Brand." Exhibit 2. This product name and advertising falsely designates Princess International as the creator and/or source of Plaintiff's original Word Clock.

11

45.     All of the defendants falsely advertise the counterfeits as a product original to Princess International or Tech Tools by selling the counterfeits in a box bearing the Tech Tools logo.

46.     The false advertisements have actually deceived or have a tendency to deceive consumers into believing the products sold by the defendants are not counterfeit and that purchasing the product from the defendants will not enrich "property thieves." Exhibit 11 (letter from consumer confused about whether the Word Clock advertised by defendant Hammacher Schlemmer was authorized by Plaintiff).

47.     This deception is material in that it is likely to influence purchasing decisions as consumers do not want to condone, support or enrich sellers of counterfeit goods and has diverted sales of Plaintiff's original Word Clocks to the defendants and all of their profits are ill-gotten.

48.     Defendants have made their false advertisements on their own websites and third party websites accessed by consumers in all states, as well as caused their own paper catalogs falsely advertising the goods, and the counterfeit goods themselves, to enter interstate commerce.

49.     Plaintiff has been and will continue to be injured as a result of the foregoing, either by a diversion of sales from itself to the defendants, or by lessening of the goodwill its original Word Clock enjoys with the buying public.

**First Cause of Action**
(Copyright Infringement of Plaintiff's Software Code)
(17 U.S.C. § 101, et seq.)
(All Defendants)

50.    Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

51.    Plaintiff is, and has been at all relevant times, either the copyright owner or exclusive licensee of all rights under United States copyright law with respect to the software code embodied in Plaintiff's Word Clock and the counterfeits made, distributed and sold by Defendants, specifically, the software code titled "Word Clock Software PIC," "Word Clock Software – Arduino v1.0" and "Word Clock Software – Arduino v3.0," each of which constitutes original works of authorship subject to copyright protection under the Copyright Act, 17 U.S.C. § 101, et seq., and each of which has been duly registered with the United States Copyright Office and is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights and is embodied in whole or in part in Plaintiff's Word Clock and the counterfeits sold by Defendants.

52.    Beginning in or about June, 2014 and continuing through today, defendants Princess International and Joseph Friedman have reproduced or authorized the reproduction of Plaintiff's copyrighted software embodied in the counterfeits without authorization in violation of 17 U.S.C. §§101, 106, 501.

53.    Beginning in or about June, 2014 and continuing through today, all of the defendants have either directly or through authorized agents, distributed, authorized distribution, or made available for distribution, copies of Plaintiff's copyrighted software embodied in the counterfeits without Plaintiff's permission or consent in violation of 17 U.S.C. §§ 101, 106 and 501.

54.     Beginning in or about June, 2014 and continuing through today, all of the defendants have, either directly or through authorized agents, imported and exported copies of Plaintiff's copyrighted software embodied in the counterfeits without Plaintiff's permission or consent and in violation of 17 U.S.C. § 602. The foregoing acts of infringement have been willful and intentional on the part of defendants, in disregard of and with indifference to the rights of Plaintiff.

55.     Defendants have violated Plaintiff's exclusive rights of reproduction, distribution, importation and exportation with and their actions constitute infringement of Plaintiff's software copyrights and exclusive rights under copyright. 17 U.S.C. §§ 101, 106, 501 and 602.

56.     As a direct and proximate result of defendants' infringing acts, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c), in the amount of up to $150,000 for each infringement, or, at Plaintiff's election, its actual damages together with defendants' profits pursuant to 17 U.S.C. § 504(b).

57.     Plaintiff is also entitled to an award of its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

58.     Defendants' actions detailed above have caused and will continue to cause irreparable injury to Plaintiff, for which Plaintiff has no remedy at law. Plaintiff is therefore entitled to a permanent injunction, pursuant to 17 U.S.C. § 502, prohibiting defendants from further infringing Plaintiff's copyrights, and ordering defendants to destroy all copies of the software made in violation of Plaintiff's exclusive rights.

**Second Cause of Action**
(Copyright Infringement of Plaintiff's Clock Face)
(17 U.S.C. § 101, et seq.)
(All Defendants)

59.    Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

60.    Plaintiff is, and has been at all relevant times, either the copyright owner or exclusive licensee under United States copyright law with respect to Plaintiff's Clock Face, "Word Clock," which constitutes an original work of authorship subject to copyright protection under the Copyright Act, 17 U.S.C. § 101, et seq.,

61.    Since in or about June, 2014 and continuing through today, defendants have, either directly or through authorized agents, each publicly displayed, reproduced, distributed (or made available for distribution), imported and exported copies of Plaintiff's Clock Face without authorization. 17 U.S.C. §§ 101, 106, 501 and 602.

62.    Defendants have violated Plaintiff's exclusive rights of publicly display, reproduction and distribution and their actions constitute infringement of Plaintiff's copyrights and exclusive rights under copyright. 17 U.S.C. §§ 101, 106, 501 and 602.

63.    The foregoing acts of infringement have been willful and intentional on the part of defendants, in disregard of and with indifference to the rights of Plaintiff.

64.    As a direct and proximate result of defendants' infringing acts, Plaintiff is entitled to statutory damages under 17 U.S.C. § 504(c), in the amount of up to $150,000 for each infringement, or, at Plaintiff's election, its actual damages together with defendants' profits pursuant to 17 U.S.C. § 504(b).

65.    Plaintiff is also entitled to an award of its attorneys' fees and full costs, pursuant to 17 U.S.C. § 505.

15

66.    Defendants' actions detailed above have caused and will continue to cause irreparable injury to Plaintiffs, for which Plaintiff has no remedy at law. Plaintiff is therefore entitled to a permanent injunction, pursuant to 17 U.S.C. § 502, prohibiting defendants from further infringing Plaintiff's Clock Face copyright, and ordering defendants to destroy all copies made in violation of Plaintiff's exclusive rights.

### Third Cause of Action
(Unfair Competition)
(New York common law)
(All Defendants)

67.    Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against Plaintiff with respect to the second cause of action, plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

68.    Defendants have reproduced and distributed counterfeits of Plaintiff's product, Word Clock, without authorization from plaintiff.

69.    Defendants have done so to compete directly against Plaintiff in the marketplace and for their own commercial benefit.

70.    Defendants have assembled products that are identical to Plaintiff's Word Clock and that compete directly in the marketplace for sales of Plaintiff's product.

71.    The public has been confused by the identity of the defendants' products to Plaintiff's Word Clock.

72.    The conduct of each of the defendants has been in bad faith and is knowing and willful.

73.    Defendants' wrongful conduct constitutes unfair competition under New York State law.

74.     As a proximate result of these defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief and damages in an amount to be determined at trial.

75.     Plaintiff is entitled to recover its damages and attorneys' fees.

**Fourth Cause of Action**
15 U.S.C. §1125(a)(1)(A) Unfair Competition and False Designation of Origin – Trade Dress
(All Defendants)

76.     Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against Plaintiff with respect to second cause of action, Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

77.     Defendants' actions described above constitute unfair competition and product infringement with respect to Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(l) by falsely by copying and using Plaintiff's Clock Face on their counterfeit clocks.

78.     Plaintiff's Clock Face is a distinctive trade dress.

79.     Plaintiff owns the Clock Face as trade dress,

80.     Plaintiff's Clock Face trade dress is non-functional.

81.     Plaintiff's Clock Face is inherently distinctive.

82.     Plaintiff's Clock Face has acquired secondary meaning.

83.     Defendants used Plaintiff's Clock Face in the reproduction, distribution and sale of counterfeit clocks in interstate commerce without Plaintiff's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the defendants' counterfeits.

84.     Defendants' wrongful conduct has been willful or knowing and in bad faith.

85.   As a proximate result of the defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief under 17 U.S.C. §1116 and damages in an amount to be determined at trial.

**Fifth Cause of Action**
15 U.S.C. §1125(a)(1)(A) Unfair Competition and False Designation of Origin - Trademark
(All Defendants)

86.   Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against plaintiff with respect to second cause of action, Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

87.   Defendants' actions described above constitute unfair competition and product infringement with respect to Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(l) by falsely by copying and using Plaintiff's Clock Face on their counterfeit clocks.

88.   Plaintiff's Clock Face is a distinctive trademark.

89.   Plaintiff owns the Clock Face as trademark.

90.   Plaintiff's Clock Face is inherently distinctive.

91.   Plaintiff's Clock Face has acquired secondary meaning.

92.   Defendants used Plaintiff's Clock Face in the reproduction, distribution and sale of counterfeit clocks in interstate commerce without Plaintiff's consent in a manner that is likely to cause confusion among ordinary consumers as to the source, sponsorship, affiliation, or approval of the defendants' counterfeits.

93.   Defendants' wrongful conduct has been willful or knowing and in bad faith.

94.   As a proximate result of the defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief under 17 U.S.C. §1116 and damages in an amount to be determined at trial.

**Sixth Cause of Action**
15 U.S.C. § 1125(a)(1)(B) False Advertising
(All Defendants)

95. Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against Plaintiff with respect to second cause of action, Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

96. Defendants falsely and deceptively identified themselves and/or Princess International as the creator and/or source of authentic Word Clocks. The public has been deceived as to the authenticity, originality and/or source of the counterfeits sold by these defendants, and the existence of any license, sponsorship, approval from or relationship with Plaintiff.

97. Defendants knowingly and intentionally are misrepresenting the nature, characteristics, and qualities of the counterfeit word clocks they offer, so as to create a likelihood of confusion by the public as to the nature, characteristics and qualities of its counterfeits, including their source, performance and quality. These acts constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

98. Defendants' wrongful conduct has been willful or knowing and in bad faith.

99. Defendants undertook their conduct with the intent to trade on the reputation and goodwill of Plaintiff and its Word Clock.

100. As a proximate result of the defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief under 17 U.S.C. § 1116 and damages in an amount to be determined at trial.

**Seventh Cause of Action**
(Violation of New York's General Business Law § 349)
(Unlawful Deceptive Acts and Practices)
(All Defendants)

101.  Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against Plaintiff with respect to second cause of action, Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

102.  Section 349 of the New York State General Business Law declares unlawful "deceptive acts or practices in the conduct of any business, trade or commerce, or in the furnishing of any service in this State."

103.  Section 349(g) provides that Section 349 "shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this State."

104.  Section 349(h) of the New York General Business Law provides a private right of action to any person injured by reason of a violation of that section and authorizes the Court to award compensatory damages, statutory damages, and reasonable attorneys' fees to the prevailing Plaintiff.

105.  Defendants, by their acts alleged and described herein, has committed a violation of Section 349(a) of the New York General Business Law and deceived the public as to the source, performance, quality and danger posed by their counterfeit electronic clocks that have been documented "pop" and "burn" and quickly break. Exhibit 10.

106.  As a result of Defendants' violation of Section 349(a) of the New York General Business Law, Defendants are liable: (1) for compensatory damages; (2) for treble damages pursuant to Section 349(h) of the New York General Business Law; (3) for any and all reasonable attorneys' fees incurred and to be incurred by Plaintiff in prosecuting this action

20

pursuant to Section 349(h) of the New York General Business Law; and (4) for punitive damages in an amount to be determined by the jury.

107. As a proximate result of the defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief under §360-m and damages in an amount to be determined at trial.

### Eighth Cause of Action
(Common Law Trademark Infringement)
(All Defendants)

108. Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against plaintiff with respect to second cause of action, Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

109. Plaintiff's Clock Face is a valid and legally protectable trademark under New York common law.

110. Defendants' clock face is a trademark that is confusingly similar, and in fact, identical to Plaintiff's trade dress.

111. Defendants' clock face was copied from Plaintiff's Word Clock's Clock Face.

112. There is a likelihood of confusion arising from the defendants' use of similar and in fact, identical, trademark.

113. As a proximate result of the defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief and damages in an amount to be determined at trial.

**Ninth Cause of Action**
(Common Law Trade Dress Infringement)
(All Defendants)

114.  Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against Plaintiff with respect to second cause of action, Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

115.  Plaintiff's Clock Face is a valid and legally protectable trade dress under New York common law.

116.  Defendants' clock face is a trade dress that is confusingly similar, and in fact, identical to Plaintiff's trade dress.

117.  Defendants' clock face trade dress was copied from plaintiff's Word Clock's Clock Face.

118.  There is a likelihood of confusion arising from the defendants' use of similar and in fact, identical, trade dress.

119.  As a proximate result of the defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief and damages in an amount to be determined at trial.

**Tenth Cause of Action**
(Violation of New York's General Business Law § 350)
(False Advertising)
(All Defendants)

120.  Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the court or the jury finds against Plaintiff with respect to the second cause of action, Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

121.   The defendants falsely and deceptively identified themselves as the creator and/or source of authentic Word Clocks.

122.   The public has been deceived as to the authenticity, originality and/or source of the counterfeit Word Clock sold by these defendants.

123.   Section 349 prohibits deceptive acts and practices and is section 350's companion. *Galerie Furstenberg v. Coffaro*, 697 F.Supp. 1282 (S.D.N.Y. 1988).

124.   As a result of these defendants' violations of Section 350 of the New York General Business Law, these defendants are liable (1) for compensatory damages; (2) for treble damages pursuant to Section 349(h)-350 of the New York General Business Law; (3) for any and all reasonable attorneys' fees incurred and to be incurred by Plaintiff in prosecuting this action pursuant to Section 349(h)-350 of the New York General Business Law; and (4) punitive damages in an amount to be determined by the jury.

125.   As a proximate result of these defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief under § 360-m and damages in an amount to be determined at trial.

### Eleventh Cause of Action
(Violation of New York's General Business Law § 360-k)
(New York State Statutory Trademark and Trade Dress Infringement)
(All Defendants)

126.   Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against Plaintiff with respect to the second cause of action, Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

127.   Plaintiff is the owner of a trademark and trade dress registered with New York State (R32861).

23

128.  Defendants have reproduced, counterfeited, copied and colorably imitated the registered mark and trade dress in connection with distributing, selling, offering for sale or advertising goods and the use is likely to cause confusion about the source or origin of the goods.

129.  The infringing acts consist of counterfeits or imitations.

130.  The infringing acts were committed with the intent to cause confusion or mistake or to deceive.

131.  The infringing acts were committed with bad faith and/or knowledge.

132.  As a result of defendants' violation of Section 360(k) of the New York General Business Law, defendants' are liable under Section 360(m): (1) for all profits and/or damages suffered in amount to be determined at trial; (2) for treble damages; (3) attorneys' fees.

133.  As a proximate result of the defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief under §360-m and damages in an amount to be determined at trial.

### Twelfth Cause of Action
(Violation of New York's General Business Law § 360-l)
(Anti-Dilution)
(All Defendants)

134.  Alternatively, and only to the extent not preempted by the Copyright Act, or in the event preempted but the Court or jury finds against Plaintiff with respect to the second cause of action, Plaintiff repeats and realleges the allegations set forth above as though fully set forth herein.

135.  Plaintiff's Clock Face is valid and legally protectable trade dress and trademark under common law.

136.  Plaintiff's Clock Face has a distinctive quality.

137.  Plaintiff's Clock Face has secondary meaning capable of dilution.

138.   There is a likelihood of dilution by blurring or tarnishment as result of defendants' use of similar, and in fact, identical trade dress.

139.   Plaintiff and the defendants are direct competitors.

140.   As a result of defendants' violation of Section 360-l of the New York General Business Law, defendants' are liable: (1) for all profits and/or damages suffered; (2) for treble damages; (3) attorneys' fees.

141.   As a proximate result of the defendants' wrongful conduct, Plaintiff has been irreparably harmed, and is entitled to injunctive relief under §360-m and damages in an amount to be determined at trial.

### Thirteenth Cause of Action
(Permanent Injunction)
(All Defendants)

142.   Plaintiff repeats and realleges the allegations set forth above as though set forth fully herein.

143.   Plaintiff has a likelihood of eventual success in this litigation.

144.   Plaintiff will suffer irreparable harm if injunctive relief is not granted by this Court.

145.   Defendants' infringements of Plaintiff's copyrights are causing irreparable harm to plaintiff and plaintiff is entitled to injunctive relief.

### Demand for Jury Trial

Plaintiff respectfully requests a trial by jury on all claims asserted in this Complaint.

### Prayer for Relief

WHEREFORE, Plaintiff, by its attorneys, respectfully requests that judgment be entered against defendants, jointly and severally, as follows:

A.   For judgment that defendants have violated the Copyright Act, the Lanham Act, New York General Business Law § 349, 350, 360-k, 360-l and that all such violations have been willful; and have engaged in unfair competition, and have been unjustly enriched, all in violation of New York common law;

25

B.      For judgment entering a preliminary and permanent injunction pursuant to New York General Business Law §360-m, 17 US.C. § 502, and 15 U.S.C. § 1116(a), enjoining and restraining defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from violating Plaintiff's rights under New York General Business Law § 349, 350, 360-k, 360-l, New York common law, the Lanham Act 15 U.S.C. §1125 and infringing Plaintiff's exclusive rights under the Copyright Act by reproducing, distributing, importing and exporting Plaintiff's software code and Clock Face, and authorizing others to the same; and

C.      For judgment assessing defendants for the damages suffered by Plaintiff under the Copyright Act, the Lanham Act, and New York General Business Law §§ 349, 350, 360-k, 360-l, 360-m, since defendants' began using and infringing Plaintiff's software code and Clock Face in or about June 2014, including an award of actual damages and defendants' profits attributable to the infringement, or statutory damages to the extent such damages are available (at Plaintiff's election) under Copyright Act, as well as costs and attorney's fees to the full extent provided for by New York General Business Law §§ 349, 350, 360-k, 360-l, 360-m, Sections 501, 504 and 505 of the Copyright Act, 17 U.S.C. §§ 501, 504 and 505; and

D.      For judgment directing that defendants deliver up for destruction to Plaintiff all copies of the infringing products in their possession or under their control, pursuant to 15 U.S.C. § 1118 and 17 U.S.C. § 503; and

E.      For judgment granting such other, further, and different relief as to the Court may deem just and proper, including Plaintiff's costs and reasonable attorneys' fees.

Dated: New York, New York
September 19, 2016

SCHWARTZ, PONTERIO & LEVENSON, PLLC
*Attorneys for Plaintiff*

By:    */s Brian S. Levenson*
_____
Brian S. Levenson
134 West 29th Street, Suite 1006
New York, NY 10001
P: (212) 714-1200

26